UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE

50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

**LETTER OPINION**

April 4, 2006

Samuel N. Reiken
150 River Road
Suite J-1
Montville, NJ 07045
    *(Attorneys for Plaintiffs)*

Louis P. Digiaimo
McElroy Deutsch Mulvaney & Carpenter
1300 Mt. Kemble Ave.
P.O. Box 2075
Morristown, New Jersey 07962-2075
    *(Attorneys for Defendants Millennium Planning, Inc. and Sylvia )*

**Re:**    *Feigenbaum et al. v. Summit Health et al.*
        <u>**Civil Action No. 01-0805 (WJM)**</u>

Dear Counsel:

    The Court is in receipt of Plaintiffs' appeal of Magistrate Judge Hedges' October 24, 2005 decision barring Plaintiffs from asserting a claim of negligent insurance claims administration against Defendants Millennium and Sylvia[1] (collectively referred to as "Defendants").  For the reasons stated below, Magistrate Hedges' decision is **AFFIRMED**.

*Factual and Procedural Background*
    Plaintiffs filed this ERISA class action in February 2001 alleging, among others,

---

[1] Damian Sylvia is the President of Millenium.

improper administration of and failure to secure insurance coverage for an employee health benefit plan ("the Plan"). To date, there have been various stipulations and releases disposing of all claims and cross-claims except for those between Plaintiffs and Defendants.

When Tinton Falls initially set up the Plan, it hired former Defendant Summit as the third party plan administrator. As the administrator, Summit purchased "stop loss" coverage for the Plan such that Tinton Falls was responsible for paying health care claims reimbursements, but only up to certain "trigger" amounts.[2] Beyond these amounts, the stop loss coverage would kick in to cover the claims. Millenium, it appears, was the insurance agent through which Summit obtained the coverage.

The particular stop loss coverage at issue in this case began on October 1, 1998 and expired on September 30, 1999. Plaintiffs allege that once the coverage ran out, Summit and Millenium collectively failed to secure and/or provide additional coverage. When Tinton Falls became aware of this failure, it fired Summit, and on or about January 22, 2000, secured new coverage. As a result of the coverage gap, however, any medical claims that arose between October 1, 1999 and January 22, 2000, were not credited to the "trigger" amounts mentioned above. Overall, as a result of this error, Tinton Falls alleges it became liable for over $1,000,000 in claims it never should have paid, as well as other administrative fees in excess of $25,000.

Throughout the course of this litigation, both Millennium and Sylvia defended this action with the understanding that Plaintiffs sought liability against them strictly for failing to secure additional stop loss coverage. On August 30, 2005, the day before the close of fact discovery, Plaintiffs notified Defendants of their intention to proceed against them for improper claims administration as well. Arguing that Plaintiffs had never plead such a theory against Millenium at any prior point in the litigation, Defendants moved before Magistrate Judge Hedges to limit Plaintiffs' claims. They requested that Magistrate Hedges limit the claims to liability arising from the gap in insurance coverage, and thereby limit alleged damages to those arising during the gap period. On October 24, 2005, Magistrate Hedges issued an order granting Defendants' motion. Plaintiffs now appeal.[3]

*Standard of Review*

A district court may reverse a Magistrate Judge's order only if it finds the ruling to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). The clearly erroneous rule applies to findings of fact, but matters of law are given plenary review. *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992).

*Analysis*

Plaintiffs argue that, although their complaint may not have specifically alleged negligent administration against Millennium or Sylvia, the allegations suffice to sustain a claim under this theory. As support for their argument, Plaintiffs point out that allegations in the complaint reference "Defendants" collectively, thereby giving all defendants, including Millenium and

---

[2] Specifically, Tinton Falls bore responsibility for (1) any individual beneficiary's claims up to $35,000, and (2) aggregate claims up to $1,200,000.

[3] Magistrate Hedges has also since denied Plaintiffs' motion to amend the complaint.

Sylvia, notice of a possible negligent administration theory of liability.

Plaintiffs' argument is tenuous at best. The complaint makes clear that Millenium's involvement in this case was limited to securing, or helping to secure, insurance coverage. Nowhere in the complaint do Plaintiffs ever specifically mention Defendants as bearing responsibility for plan administration. In fact, Plaintiffs' sole allegation against them is that "Millenium failed to ensure that stop-loss coverage remained in effect." (Compl. ¶ 51.)

By contrast, as against Summit, Plaintiffs included many specific allegations of improper plan administration. They allege that "Summit was responsible for the processing, adjudication, payment and administration of all claims made by plan participants and beneficiaries," and that "Summit exercised discretion and control over the timing and amount of claims payments under the Plan." (Compl. ¶¶ 47, 48.) The complaint also accuse Summit, and only Summit, of "negligent and gross-underreporting of unprocessed claims." (Compl. ¶ 62.) In short, it is clear from the complaint that Plaintiffs contemplated only a failure to ensure coverage theory of liability as against Millennium or Sylvia.

Moreover, even if Plaintiffs' complaint could be construed as asserting a general claim of improper administration against all named defendants, Plaintiffs' litigation behavior throughout discovery belies any argument that they intended to do so. For instance, in a February 11, 2005 letter responding to an inquiry from Millenium and Sylvia as to the scope of alleged damages, Plaintiffs' counsel acknowledged that Defendants' liability was limited to those damages arising from the gap in coverage. (Defs.' Mot. Ex. E.) Further, Plaintiffs do not deny that written discovery during this litigation did not reflect a negligent claims administration theory with regard to Millennium or Sylvia.

In short, Millennium and Sylvia lacked adequate notice of potential liability under a theory of negligent claims administration. Allowing Plaintiffs to assert such claims now, after over five years of litigation, would be highly prejudicial. Given the failure of the complaint to plead negligent claims administration against either Millennium or Sylvia, and given the failure of Plaintiffs to act upon such a theory during the course of litigation, the Court finds that Magistrate Hedges did not err in granting Defendants' motion to limit Plaintiffs' claims.

*Conclusion*

The Court finds that Magistrate Hedges did not err in granting Defendants' motion to limit Plaintiffs' claims. Magistrate Hedges' decision of October 24, 2005 is **AFFIRMED.**

s/ William J. Martini

**William J. Martini, U.S.D.J.**